# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

Chambers of
Matthew J. Maddox
United States Magistrate Judge
MDD_MJMChambers@mdd.uscourts.gov



101 West Lombard Street
Chambers 3B
Baltimore, Maryland 21201
(410) 962-3407

September 28, 2022

TO ALL COUNSEL OF RECORD

Re:    *Crystal S. v. Kijakazi*
       Civil No. MJM-20-3717

Dear Counsel:

On December 22, 2020, Plaintiff commenced this civil action seeking judicial review of the final decision of the Commissioner of Social Security Administration ("SSA," "Defendant") denying her claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. (ECF 1). Pending before the Court are Plaintiff's Motion for Summary Judgment (ECF 14), and Defendant's Motion for Summary Judgment (ECF 17).[1] I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. (D. Md. 2021).

The role of this Court on review is to determine whether substantial evidence supports the ALJ's decision and whether the ALJ applied the correct legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020). Under this standard, Plaintiff's motion will be granted in part and denied in part, Defendant's motion will be denied, and the case will be remanded for further consideration in accordance with this opinion.

## I.    Background

Plaintiff protectively filed her application for DIB on November 29, 2018, alleging disability beginning on April 1, 2014. (R. 12). Plaintiff's application was initially denied on May 20, 2019, and the initial determination was affirmed upon reconsideration on August 29, 2019. (R. 12, 62–72, 75–91). Thereafter, Plaintiff requested an administrative hearing, and Administrative Law Judge ("ALJ") Carol Matula held a telephone hearing on June 24, 2020. (R. 28–61). Plaintiff, who was represented by counsel, testified at the hearing. (*Id.*) An impartial vocational expert also appeared and testified. (*Id.*) Following the hearing, the ALJ issued a decision denying Plaintiff's claim for DIB on September 1, 2020. (R. 12–23). On November 27, 2020, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the ALJ's decision became the

---

[1] The parties have consented to proceed before a United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF 2, 5).

*Crystal S. v. Kijakazi*
Civil No. MJM-20-3717
September 28, 2022
Page 2

Commissioner's final decision. (R. 1–6). Plaintiff then filed this civil action seeking judicial review under 42 U.S.C. § 405(g).

## II.      The SSA's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In determining Plaintiff's disability claims, the ALJ followed the five-step sequential evaluation of disability set forth in 20 C.F.R. § 416.920.

> To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination of disability, the ALJ then assesses the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work." *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The ALJ determines the claimant's RFC by considering all of the claimant's medically determinable impairments, regardless of severity. *Id.* The claimant bears the burden of proof through the first four steps of the sequential evaluation. *Id.* If she makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (quoting 20 C.F.R. §§ 416.920, 416.1429).

When mental impairments are alleged, the ALJ must apply the "special technique" to determine the severity of the mental impairments. 20 C.F.R. § 404.1520a. The ALJ is required to rate the limitations in four broad functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself (known as "paragraph B criteria" for mental disorders). *Id.* § 404.1520a(c)(3). The ALJ uses a five-point scale to rate a claimant's limitations in these functional areas: none, mild, moderate, marked, and extreme. *Id.* § 404.1520a(c)(4). The rating is based on the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and on a sustained basis." *Id.* § 404.1520a(c)(2). If rating of a limitation is "none" or "mild," then the ALJ generally concludes that the mental impairment is not severe. *Id.* § 404.1520a(d)(1).

In this case, at step one, the ALJ found that Plaintiff engaged in substantial gainful activity from April 1, 2014, to November 26, 2018, but "there has been a continuous 12-month period(s)

Crystal S. v. Kijakazi
Civil No. MJM-20-3717
September 28, 2022
Page 3

during which the claimant did not engage in substantial gainful activity," which the ALJ's opinion addressed. (R. 14). At step two, the ALJ found that Plaintiff had the following severe impairments: depression and obesity. (R. 14–15). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 15–16). Then, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the exception of certain limitations on particular activities and exposure to particular environmental hazards. (R. 17–21). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (R. 21). Lastly, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R. 21–22). Thus, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from April 1, 2014, through the date of the ALJ's decision. (R. 22).

## III.     Standard of Review

The Court reviews an ALJ's decision to ensure that the ALJ's findings "are supported by substantial evidence and were reached through application of correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id*. (internal quotation marks and citations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal brackets and citations omitted). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id*. (citation omitted).

## IV.     Discussion

Plaintiff raises two issues: (1) whether the ALJ erroneously assessed her RFC, and (2) whether the ALJ erroneously evaluated her subjective complaints. (ECF 14-1 at 3–16). With respect to the RFC assessment, Plaintiff argues, *inter alia*, that the ALJ failed to address her anxiety disorder. According to Plaintiff, the ALJ "made no mention of [her] documented anxiety disorder, and appears to have failed to consider this impairment in any manner." (*Id*. at 9). Defendant argues that, "while the ALJ may have erred in not specifically listing anxiety as a severe impairment along with her depression, the ALJ considered the record as a whole which included treatment and therapy notes discussing Plaintiff's anxiety over her physical conditions throughout the decision." (ECF 17-1 at 14). Therefore, according to Defendant, "this omission was at most, harmless error as there was no evidence of prejudice." (*Id.*)

An impairment deemed severe within the meaning of the regulations is one that "significantly limits ... [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). On the other hand, an impairment is not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age,

education, or work experience were specifically considered." SSR 85-28, 1985 WL 56856, at *3 (Nov. 15, 1985); *see also Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984). The claimant has the burden of demonstrating the severity of her impairments. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Courts have opined that diagnosis of a mental impairment (such as depression and anxiety) and treatment with prescription medication may suggest the presence of a medically determinable impairment, or even severe impairment. *See e.g.*, *Jones v. Berryhill*, No. 5:17-CV-00091-D, 2018 WL 774035, at *5 (E.D.N.C. Jan. 24, 2018), *report and recommendation adopted*, No. 5:17-CV-91-D, 2018 WL 770171 (E.D.N.C. Feb. 7, 2018) ("[claimant's] diagnoses and treatment by providers and their treatment with prescription medications, coupled with [her] testimony about how these conditions affect her social functioning establish [that] there is at least some evidence that could support a finding that her depression and anxiety are severe impairments").

However, failing to consider whether an impairment constitutes a severe impairment at step two is not necessarily a reversible error. Courts have found that an ALJ's failure to consider whether a particular condition constitutes a severe impairment at step two may be harmless error if the ALJ determined that a claimant has at least one other severe impairment and fully considered the condition in question, along with all other impairments, at the subsequent steps. *See Baker v. Astrue*, Civ. No. SAG-10-1045, 2012 WL 12751, at *3 (D. Md. Jan. 3, 2012) (citing *Jones v. Astrue*, No. 5:07-CV-452-FL, 2009 WL 455414, at *2 (E.D.N.C. Feb. 23, 2009)). Nevertheless, failing to consider whether an impairment constitutes a severe impairment at step two may not be harmless if the ALJ omitted to consider it at the subsequent steps. *See Richardson v. Kijakazi*, No. 4:20-CV-71-M, 2021 WL 3478211, at *4 (E.D.N.C. July 20, 2021), *report and recommendation adopted*, No. 4:20-CV-00071-M, 2021 WL 3476095 (E.D.N.C. Aug. 6, 2021) (finding an ALJ committed reversible error because he "failed to explain why he did not identify chronic pain syndrome as a severe impairment, and he did not evaluate [claimant's] chronic pain syndrome at the subsequent steps of the disability evaluation process); *Beatty v. Berryhill*, No. 7:15-CV-223-FL, 2017 WL 632095, at *4 (E.D.N.C. Feb. 9, 2017), *report and recommendation adopted*, No. 7:15-CV-223-FL, 2017 WL 570757 (E.D.N.C. Feb. 13, 2017) (finding an ALJ's failure to classify claimant's diabetes as severe is not harmless because the ALJ failed to consider this impairment and any resulting neuropathy at the subsequent steps in the disability determination).

In this case, the record shows that Plaintiff reported her anxiety symptoms to her health care providers, to include restlessness; feeling nervous, anxious, or on the edge; constant worrying; racing thoughts; becoming easily annoyed or irritable; and panic attacks. (*See e.g.*, R. 303, 659). She was diagnosed with anxiety disorder, which was described as severe. (*See e.g.*, R. 281–82, 284, 287, 290, 301, 628, 660, 824, 889). Plaintiff's anxiety disorder was also treated by physicians and with therapy for an extended period of time. (*Id.*) Plaintiff's doctor prescribed medication for her anxiety. (*See e.g.*, R. 290). Therefore, the record could support a finding that Plaintiff's anxiety disorder is a severe impairment and could establish that the anxiety disorder presented more than a minimal effect on her functioning. However, other than acknowledging that Plaintiff alleges that she "takes medications for her impairments and deals with depression and anxiety," the ALJ made no mention of Plaintiff's anxiety disorder in the ALJ's analysis. The ALJ did not discuss whether

*Crystal S. v. Kijakazi*
Civil No. MJM-20-3717
September 28, 2022
Page 5

Plaintiff's anxiety disorder was a severe impairment at step two (R. 14–15), nor did the ALJ evaluate the impact of anxiety disorder on Plaintiff's functioning at the subsequent steps.

In sum, the Court cannot conclude that the ALJ's decision is supported by substantial evidence. A remand is necessary to permit the ALJ to elaborate upon the her consideration of evidence of Plaintiff's mental impairments.

Because the case is being remanded for the reasons stated above, I express no opinion as to Plaintiff's other arguments. The ALJ may address those arguments on remand.

## V.      Conclusion

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (ECF 14) will be granted in part and denied in part, and Defendant's Motion for Summary Judgment (ECF 17) will be denied. The case will be remanded for further proceedings in accordance with this opinion.

A separate Order will follow.

Sincerely,

/S/

Matthew J. Maddox
United States Magistrate Judge